IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

| | |
|---|---|
| DEVIN G. NUNES )<br>)<br> Plaintiff, )<br>)<br>v. )<br>)<br>)<br>NBCUNIVERSAL MEDIA, LLC )<br>)<br> Defendant. )<br>) | Case No. 4:21-cv-608<br><br>**TRIAL BY JURY<br>IS DEMANDED** |

# **COMPLAINT**

Plaintiff, Devin G. Nunes ("Plaintiff"), by counsel, files the following Complaint against Defendant, NBCUniversal Media, LLC d/b/a MSNBC ("MSNBC").

Plaintiff seeks (a) compensatory damages and punitive damages in a total sum to be determined by the Jury, (b) prejudgment interest on the principal sum awarded by the Jury from March 18, 2021 to the date of Judgment, and (c) court costs – arising out of the MSNBC's defamation.

## I. INTRODUCTION

1. Plaintiff is Ranking Member of the House Permanent Select Committee on Intelligence (the "House Intelligence Committee"). As a United States Congressman, he is bound by the Rules of the House of Representatives, including the House Code of Official Conduct and the practices and protocols of the House Intelligence Committee. [https://ethics.house.gov/publications/code-official-conduct;

https://ethics.house.gov/sites/ethics.house.gov/files/documents/2008_House_Ethics_Manual.pdf].

2. On March 18, 2021, during a segment of *The Rachel Maddow Show*, MSNBC and Rachel Maddow ("Maddow") published the following statements of fact:

| No. | Statement |
|---|---|
| 1 | "Andriy Derkach is sanctioned by the U.S. government as a Russian agent.  He is singled out by name by the Director of National Intelligence as someone under Vladimir Putin's direct purview who helped run this organization targeting our election last year.  Congressman Nunes accepted a package from him.  What was in it?" |
| 2 | "Congressman Nunes has refused to answer questions about what he received from Andriy Derkach.  He has refused to show the contents of the package to other members of the intelligence community.  He has refused to hand it over to the FBI which is what you should do if you get something from somebody who is sanctioned by the U.S. as a Russian agent." |
| 3 | "Still, the Republicans have kept Mr. Nunes on as the top Republican on the intelligence committee.  How does that stand?  How does that stay a thing?" |

[https://www.msnbc.com/rachel-maddow/watch/nunes-questions-laid-bare-as-trump-ear-obfuscation-lifts-on-u-s-intel-about-russia-108795973939 (each a "Statement", and collectively, the "Statements")].

3. Viewed as a whole and in the broader context in which they were published, the Statements falsely accuse Plaintiff of criminal conduct (obstruction of justice and treason), serious breaches of the Code of Conduct and violations of protocols concerning the handling of information that comes to the House Intelligence Committee from foreign sources such as Derkach, concealment and deception, lack of integrity and ethical improprieties.  MSNBC's Statements expose Plaintiff to public ridicule, scorn,

contempt, censure and prejudice Plaintiff in his employment as a U.S. Congressman and as Ranking Member of the House Intelligence Committee.

4.     In addition to MSNBC's cable television subscribers and viewers, MSNBC and Maddow chose to target Plaintiff by repeating and republishing the Statements to millions in Texas and elsewhere via various social media properties, *e.g.*:

> https://twitter.com/MaddowBlog/status/1372745804981604354
> ("How do Republicans keep Devin Nunes on as the ranking member of the Intelligence Committee given his unexplained interactions with Andriy Derkach?");
>
> https://www.youtube.com/watch?v=kQZqqkNiAsA
> (Published to 4,240,000 subscribers).

5.     As intended, MSNBC's false and defamatory Statements were republished millions of times on the Internet and via social media. The Statements were immediately understood by viewers to convey a defamatory meaning, *e.g.*:

> https://www.politicususa.com/2021/03/18/rachel-maddow-devin-nunes.html
> ("He has refused to show the package to members of the intelligence community. He has refused to hand it over to the FBI which is what you should do if you get something that is sanctioned by the U.S. As a Russian agent.  Still, the Republicans have kept Mr. Nunes on as the top Republican on the Intelligence Committee.  How does that stand?  How does that stay a thing?");
>
> https://www.rawstory.com/nunes-intel/
> ("Maddow continued, 'Congressman Nunes has refused to answer questions about what he received from Andriy Derkach.  He has refused to show the contents of the package to other members of the intelligence community.  He has refused to hand it over to the FBI, which is what you should do if you get something from somebody who is sanctioned by the U.S. government as a Russian agent.  Still, the Republicans have kept Devin Nunes on as the top Republican on the Intelligence Committee");
>
> https://twitter.com/PoliticusSarah/status/1372722157864771590
> ("Rachel Maddow just reminded Republicans that Devin Nunes is a Russian asset … Rachel Maddow took the discussion of Rep. Devin Nunes being a Russian asset national and made the congressman and the GOP's problems worse");

https://twitter.com/bratacat/status/1372727178975195139
("Who is protecting Devin Nunes. If I had refused to turn over a package from a known Russian agent I'd be locked up … why is Nunes still on the Intel committee?");

https://twitter.com/ResisterChic/status/1372905914571882503
("Nunes is a National security risk!");

https://twitter.com/EricG1247/status/1374421374047903744
("Rachel Maddow EXPOSED @DevinNunes for his not-so-secret ties to Putin. It's unacceptable for a sitting Congressman to collude with a Russian agent");

https://twitter.com/EricG1247/status/1372777983769939968
("@DevinNunes accepted a package from a foreign agent who has been sanctioned for meddling in our election. Nunes has refused to hand over the contents of the package to the @FBI");

https://twitter.com/EricG1247/status/1378059772403023873
("I can't help but wonder what is inside the secret package Devin Nunes received from a Russian agent. It must have been pretty juicy stuff if Nunes wants to hide it from the FBI");

https://twitter.com/haaohaoo/status/1372749809573068803
("#RachelMaddow Just Reminded America That #DevinNunes Is A Russian Asset[]  He has refused to show a package he has received from Russian agent #AndreiDerkach to members of the intelligence community. He has refused to hand it over to the FBI");

https://twitter.com/DevinCow/status/1372723092498288645
("#DevinNunesIsATraitor").

6. In this case, Plaintiff seeks presumed damages, actual damages and punitive damages as a result of Defendants' defamation.

## II. PARTIES

7. Plaintiff, Devin G. Nunes ("Nunes" or "Plaintiff"), is a citizen of California. As a member of the House Intelligence Committee, he participates in oversight of the U.S. national security apparatus, including the intelligence-related activities of seventeen agencies, departments, and other elements of the United States Government.    [https://nunes.house.gov/about/;    https://www.devinnunes.com/bio].

Plaintiff's career as a United States Congressman is distinguished by his honor, dedication and service to his constituents and his country, his honesty, integrity, ethics, and reputation for truthfulness and veracity. Plaintiff has a significant following and support in Texas (contributors, 100,000+/- subscribers to direct communications, and social media followers in excess of 200,000). Plaintiff suffered substantial harm to his reputation in Texas as a result of MSNBC's defamation. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 776-777 (1984) ("[f]alse statements of fact harm both the subject of the falsehood *and* the readers of the statement … The tort of libel is generally held to occur wherever the offending material is circulated. Restatement (Second) of Torts § 577A, Comment a (1977). The reputation of the libel victim may suffer harm even in a state in which he has hitherto been anonymous. The communication of the libel may create a negative reputation among the residents of a jurisdiction where the plaintiff's previous reputation was, however small, at least unblemished.").

8. Defendant, NBCUniversal Media, LLC, is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York. NBCUniversal owns property and transacts substantial business in Texas. It maintains corporate and retail offices and agents throughout Texas, including in Austin, Dallas, Dallas-Fort Worth, El Paso, Houston, McAllen and San Antonio. NBCUniversal owns and operates "MSNBC". Reaching more than 96 million households worldwide, including millions in Texas, MSNBC offers a full schedule of live news coverage, progressive voices, documentary programming – 24 hours a day, 7 days a week. MSNBC delivers breaking news and information across a variety of platforms, including www.msnbc.com. MSNBC also promotes its business and causes via Twitter.

MSNBC's Twitter account, **@MSNBC**, has 4,100,000 followers, including hundreds of thousands in Texas. Maddow is the host of *The Rachel Maddow Show*, which airs weeknights at 9:00 p.m. on MSNBC. https://www.msnbc.com/rachel-maddow-show/rachel-maddow-biography-n1157621]. Maddow and her agents have a blog, https://www.msnbc.com/maddowblog, and a Twitter account with over 1,200,000 followers.

### III. JURISDICTION AND VENUE

9. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this action pursuant to Title 28 U.S.C. § 1332 (Diversity). The parties are citizens of different States. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. MSNBC is at home in Texas and is subject to general personal jurisdiction in Texas.

11. Venue is proper in this Court pursuant to Title 18 U.S.C. §§ 1391(b)(1) and (b)(2). MSBNC is subject to personal jurisdiction in Texas. The Statements were intentionally broadcast and republished throughout Texas, including in the Eastern District, where Plaintiff suffered substantial injury.

### IV. STATEMENT OF ADDITIONAL FACTS

12. The Statements are materially false because:

- Plaintiff did *not* accept a package from Derkach;

- Plaintiff did *not* have any "unexplained interactions with Andriy Derkach";

- Plaintiff did *not* refuse to show the package to members of the intelligence community;

- Plaintiff did *not* refuse to hand the package over to the FBI; and

- Plaintiff did *not* violate any rule, practice, procedure or protocol or act illegally, improperly or unethically with regard to the package mailed to the House Intelligence Committee.

In fact, on December 11, 2019, Plaintiff advised the Attorney General of the United States, William P. Barr, and the Criminal Division of the Department of Justice as follows:

> The Honorable William P. Barr
> Attorney General
> U.S. Department of Justice
> 950 Pennsylvania Ave NW
> Washington, DC 20530
>
> Dear General Barr:
>
> The House Intelligence Committee today received a package from foreign individuals addressed to me. We have strong reason to believe that the sending of this package is part of a foreign disinformation campaign that included participation by Americans.  As a result, I request a meeting with you to discuss these concerns at your earliest convenience.
>
> Sincerely,
>
> *Devin Nunes*
> Devin Nunes
> Member of Congress.

The same day, the designated staff member in Plaintiff's office, following protocol and without the package ever being opened, sealed the package in an envelope and delivered it to the FBI.  Additionally, in early January 2020, Plaintiff and top Republican staff on the House Intelligence Committee briefed the FBI on their concerns about the package.

      13.    Prior to the broadcast on March 18, 2021, MSNBC and Maddow knew from prior reporting and their review of prior reporting that House Intelligence

Committee Republicans had "strict procedures for screening and handling any and all information that comes to the committee from foreign sources.  If we receive a suspicious package, our standard operating procedure is to give it to the appropriate authorities without opening it and without any members seeing the contents … That's what we do for all suspicious packages." [https://thefederalist.com/2020/07/29/ahead-of-election-adam-schiff-tries-to-kickstart-yet-another-russian-interference-operation/; https://www.politico.com/news/2020/07/30/devin-nunes-joe-biden-ukraine-388843 (Committee Democrats and Republicans say the typical practice when receiving parcels from foreign sources is to deliver them to the FBI for vetting)].

14. Prior to the broadcast on March 18, 2021, MSNBC and Maddow also knew from their review of prior reporting that the package received from Derkach had, in fact, been given to the FBI. [https://www.breitbart.com/politics/2020/07/29/exclusive-republicans-mull-ethics-charges-against-schiff-ally-as-democrats-turn-back-to-failed-russia-strategy/ ("Here's the thing: it's standard practice that if you get a package from unknown source in a foreign country, it's probably a good idea to call the FBI and let them handle it and not handle those packages and don't open them and go, 'Hey I wonder what this is?  I guess it's Christmas came early this year.'  No, **you follow the protocol, which is you turn that over to the FBI.  <u>That's what happened</u>**.") (emphasis added); https://www.politico.com/news/2020/07/30/devin-nunes-joe-biden-ukraine-388843 (same); *see also* https://www.breitbart.com/politics/2021/03/29/house-democrat-campaign-chief-uses-intelligence-committee-perch-spread-disinformation/ ("Nunes — as Breitbart News previously confirmed — followed proper intelligence community protocols by submitting the package without opening it to the FBI for review of its

contents.")]. Significantly, MSNBC and Maddow had no source that had told them prior to publication of the Statements that Plaintiff had "refused" to turn over the Derkach package to the FBI.

15. In spite of their express knowledge, MSNBC and Maddow falsely accused Plaintiff of ***refusing*** to turn over the package to the FBI, an intentional breach of intelligence community protocol, a breach that clearly impugns Plaintiff's character and prejudices him in the performance of his Congressional oversight duties.

16. In fact, MSBNC and Maddow stated or insinuated that Plaintiff's misconduct was so serious that he should be removed as Ranking Member of the House Intelligence Committee and lose his clearance to classified information.

## COUNT I – DEFAMATION

17. Plaintiff restates paragraphs 1 through 16 of this Complaint, and incorporates them herein by reference.

18. MSNBC made, published and republished numerous false factual statements of and concerning Plaintiff. These false statements are detailed verbatim above. MSNBC and Maddow published the false statements without privilege of any kind.

19. The Statements constitute defamation. The statements accuse and impute to Plaintiff (a) one or more crimes, including obstruction of justice and treason, and (b) an unfitness to perform the duties of an office or employment for profit, or the want of integrity in the discharge of the duties of such office or employment, including violation of the House Rules, breach of duty and protocol, serious lapse in judgment, deception, lack of ethics, lack of integrity and lack of veracity. The Statements also prejudice

Plaintiff in his profession and employment as a United States Congressman and as Ranking Member of the House Intelligence Committee.

20. By broadcasting the Statements to MSNBC's cable television viewers, subscribers and advertisers, by tweeting the Statements to over 5,300,000 followers on Twitter, and by broadcasting them on YouTube to MSNBC's 4,240,000 subscribers in Texas and elsewhere, MSNBC knew or should have known that the Statements would be republished over and over by third-parties to Plaintiff's detriment. Republication by MSNBC and Maddow's followers, mainstream media, and users of Twitter was the natural and probable consequence of MSNBC's actions and was actually and/or presumptively authorized by MSNBC. In addition to its original publications, MSNBC is liable for the millions of third-party republications of the false and defamatory Statements under the republication rule.

21. MSNBC's false and defamatory Statements harmed Plaintiff and his reputation, causing presumed damages and actual damages.

22. Prior to filing this action, Plaintiff fully complied with the Texas Defamation Mitigation Act (the "DMA"). *Tex. Civ. Prac. & Rem. Code § 73.051 et seq.* On April 5, 2021, Plaintiff served on MSNBC and Maddow at the place of publication a written notice specifying the Statements that are defamatory and demanding, *inter alia*, that those statements be retracted and/or corrected and removed from the Internet. MSNBC and Maddow failed to retract and correct the false and defamatory Statements.

23. MSNBC published the Defamatory Statements with actual knowledge that they were false or with reckless disregard for whether they were false. MSNBC acted with actual malice and reckless disregard for the truth for the following reasons:

        a.     During the broadcast on March 18, 2021, MSNBC provided no source for the defamatory Statements about Plaintiff because, in truth, Maddow fabricated the Statements, including the story that Plaintiff "refused" to turn over the package to the FBI. The Statements were a product of Maddow's imagination. She made them up out of whole cloth in order to impute intentional wrongdoing to Plaintiff. Although Maddow made it appear as if she had direct knowledge of facts, she did not have one shred of evidence to support the Statements. *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) ("The finder of fact must determine whether the publication was indeed made in good faith. Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call. Nor will they be likely to prevail when the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation. Likewise, recklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports"); *Watson v. NY Doe 1*, 2020 WL 635843, at * 7 (S.D.N.Y. 2020) ("This is a case where the alleged false statements were allegedly based on the direct knowledge of the alleged defamer that the plaintiff alleges is false. A fair inference from the Complaint is that NY Doe 2 knew that the plaintiff did not rape her but falsely made that accusation. Those circumstances are sufficient to infer actual or constitutional malice on the part of NY Doe 2 because she is alleged to have firsthand knowledge of whether the plaintiff did or did not rape her."); *Ratner v. Kohler*, 2018 WL 1055528, at * 9 (D. Haw. 2018) ("the Complaint here alleges that Defendant Kohler knew her Facebook post was false when she published it because the events she recounted never took place. Plaintiff Ratner

alleges that Defendant's Facebook post was wholly fabricated.") (citing *Chastain v. Hodgdon*, 202 F.Supp.3d 1216, 1221-1222 (D. Kan. 2016) ("In her Facebook post, defendant stated that plaintiff sexually assaulted or attempted to rape her, going into great detail in her narrative. Such recounting from defendant's perspective necessarily requires a lucid memory of the event as experienced by defendant herself. Of course, if the event forming the basis of defendant's accusation never occurred, as the court is required to assume at this stage, such a first-person narrative would require that defendant knew that the events were false because she necessarily never experienced them. If defendant knew that the events were false, and nonetheless wrote the detailed narrative describing exactly how plaintiff sexually assaulted or attempted to rape her when it actually never occurred, it is axiomatic that she wrote the narrative with actual malice, or actual knowledge that it was false")); *Miller v. Watkins*, 2021 WL 924843, at * 18 (Tex App. 2021) ("If Miller indeed fabricated her allegations, then she by definition entertained serious doubts about them and had a high degree of awareness of the statements' falsity"); *Schermerhorn v. Rosenberg*, 73 A.D.2d 276, 426 N.Y.S.2d 274, 285 (1980) ("we hold that the publication of Senator Beatty's defamatory charge, itself fabricated by the defendants [a newspaper and its reporter] and known by them to be false, supports the libel award on the third cause of action").

        b.     Prior to publication on March 18, 2021, MSNBC and Maddow knew that the package had, in fact, been turned over to the FBI. MSNBC and Maddow published the false Statements in spite of their actual knowledge of the truth.

        c.     MSNBC and Maddow harbor an institutional hostility, hatred, extreme bias, spite and ill-will towards Plaintiff due to Plaintiff's emergence as the most

prominent skeptic in Congress of Maddow's marquee news narrative from 2017 to 2019: that the Trump campaign colluded with Russians to hack the 2016 presidential elections. This bias and prejudice motivated MSNBC and Maddow to publish the intentionally false Statements about Plaintiff.  As evidenced by the words Maddow chose and the timing and tenor of the publications on March 18, 2021, MSNBC and Maddow intended to inflict harm through knowing or reckless falsehoods. *Don King Productions, Inc. v. Walt Disney Co.*, 40 So.3d 40, 45 (Fla. 4th DCA 2010) ("[a]n intention to portray a public figure in a negative light, even when motivated by ill will or evil intent, is not sufficient to show actual malice unless the publisher intended to inflict harm through knowing or reckless falsehood.") (citing *Garrison v. Louisiana*, 379 U.S. 64, 73 (1964)); *Cochran v. Indianapolis Newspapers, Inc.*, 175 Ind.App. 548, 372 N.E.2d 1211, 1221 (1978) (evidence of ill will creates jury question on actual malice where "[t]here are no facts or statements of record which even remotely support" the defamatory implication at issue).  The animus towards Plaintiff and the baseless attacks on him continue to be reflected in story after story published by MSNBC and its agents, and are part of a pattern and practice on the part of MSNBC and particularly Maddow of inflicting harm through knowing or reckless falsehoods. [*E.g.,* https://www.msnbc.com/opinion/potential-trump-indictment-would-still-leave-crimes-unpunished-n1267485 ("Trump had plenty of enablers both inside and outside the government.  First and foremost was Congress, which, while both houses were in GOP control, did nothing to constrain Trump.  For the first two years of the Trump presidency, there were no serious investigations into potential malfeasance in office, and some powerful committee chairs such as Rep. Devin Nunes, R-Calif., colluded with the White House to give advance information about where

investigations were headed."); https://www.msnbc.com/rachel-maddow/watch/garland-doj-left-to-clean-up-awkward-messes-from-previous-administration-112687685736 ("We also learned this week that under Bill Barr, the Justice Department subpoenaed Twitter to try to obtain the identity of someone who had been sending insulting, funny tweets about a pro-Trump Republican congressman named Devin Nunes.[1]  Congressman Nunes has tried multiple times to use lawsuits to go after people who have publicly criticized him. It really bothers him.  But apparently before Trump left office, under Bill Barr, the U.S. Justice Department decided that they would enlist themselves to help him out, to demand that Twitter tell them who was being mean to Devin.  The Justice Department – I mean needless to say, that is not what the U.S. Department of Justice is built for."); [https://www.msnbc.com/transcripts/transcript-all-chris-hayes-7-15-21-n1274208   ("He [Trump] wanted the military to massacre the protesters.  And then he got rid of the guy who didn't want to do that, wouldn't do it, and then he started replacing the top leadership of the department defense with Trump loyalists, people who had no business doing the jobs they were doing, former White House staffer and aide to Congressman Devin Nunes.  One who most notable for crafting a dubious memo denounced by the FBI to discredit the origins of the investigation into Trump team`s contacts with Russia.")].

        d.     MSNBC and Maddow intentionally abandoned all journalistic standards and integrity in broadcasting, publishing and republishing the Statements.

---

[1] At the time Maddow made these false and defamatory statements about Plaintiff on May 20, 2021, she knew from prior reporting by the New York Times that the Justice Department had issued the subpoena to obtain the identity of a Twitter user who had threatened Senate Majority Leader Mitch McConnell, ***not Plaintiff***. [https://www.nytimes.com/2021/05/19/us/politics/subpoena-threat-nunes-mcconnell.html?smid=tw-nytimes&smtyp=cur ("**Subpoena to Twitter Is Said to Concern a Purported Threat to McConnell, Not Nunes**")].

They did not seek the truth or report it.  They betrayed the truth for the sake of their institutional bias against Plaintiff and ratings.  Rather than minimize harm, MSNBC and Maddow set out to inflict maximum pain and suffering on Plaintiff in order to harm Plaintiff's reputation.  MSNBC and Maddow broadcast and published the Statements in the broadest manner possible, to television, Internet and social media audiences, for the sole purpose of injuring Plaintiff's reputation.  They refuse to be accountable; refuse to acknowledge their mistakes; and, of course, refuse to apologize.  As a sure sign of their actual malice, MSNBC and Maddow did not even bother to contact Plaintiff for comment prior to publication. *Project Veritas v. New York Times*, Case 63921/2020 (Westchester County Mar. 18, 2021) (Opinion & Order, p. 13) (one of the reasons the New York Times was guilty of actual malice was that it intentionally declined to seek comment from the plaintiff prior to publication, which "blatantly violated NYT's own published policies and ethical guidelines".).

24. As a direct result of MSNBC's defamation, Plaintiff suffered presumed damages and actual damages, including, but not limited to, insult, pain, embarrassment, humiliation, mental suffering, injury to his reputation, costs and other out-of-pocket expenses, in a sum to be determined by the Jury.

Plaintiff alleges the foregoing based upon personal knowledge, public statements of others, and records in his possession.  Plaintiff believes that substantial additional evidentiary support, which is in the exclusive possession of MSNBC and Maddow, their agents and other third-parties, will exist for the allegations and claims set forth above after a reasonable opportunity for discovery.

Plaintiff reserves his right to amend this Complaint upon discovery of additional instances of MSNBC's wrongdoing.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter Judgment against MSNBC as follows:

A. Compensatory damages in an amount to be determined by the Jury;

B. Punitive damages in an amount to be determined by the Jury;

C. Prejudgment interest on the principal sum awarded by the Jury at the maximum rate allowed by law;

D. Postjudgment interest at the maximum rate allowed by law;

E. Costs and other recoverable amounts as allowed by law;

F. Such other relief as is just and proper.

## TRIAL BY JURY IS DEMANDED

DATED:	August 3, 2021

DEVIN G. NUNES

By:   */s/ Madhu S. Sekharan*
      Madhu S. Sekharan, Esquire
      Texas Bar No. 24072332
      16614 Radiant Lilac Trail
      Cypress, TX 77433-6365
      Mobile: 832-920-1515
      Office: 281-304-6369
      MSekharanAttorney@outlook.com

      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone: (804) 501-8272
      Facsimile: (202) 318-4098
      Email: stevenbiss@earthlink.net
      (*Motion for Admission Pro Hac Vice
          To be Filed)*

      *Counsel for the Plaintiff*